UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JIM DAVID TRAVIS,<br><br>　　　　　Defendant. | No. 2:19-cr-00194-TLN<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant Jim David Travis's ("Defendant") Unopposed Motion for Early Termination of Supervised Release. (ECF No. 73.) For the following reasons, the Court GRANTS Defendant's motion.

　　　　On July 15, 2021, Defendant pleaded guilty to Count One of the Indictment. (ECF No. 35.) Count One charged one count of violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. (ECF No. 13.) On May 26, 2022, the Court sentenced Defendant to time served, followed by a 36-month term of supervised release. (ECF No. 58.) On January 9, 2024, a Petition for Violation of Supervised Release was filed with the Court alleging six charges for failure to comply with location monitoring requirements. (ECF No. 61.) On March 7, 2024, Defendant admitted to all charges in the violation petition. (ECF No. 66.) On June 6, 2024, the Court sentenced Defendant to time served, followed by a 24-month term of supervised release.

1

(ECF No. 72.) As of the date of this order, Defendant has served approximately 17 months of his present 24-month term of supervised release.

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Defendant requests early termination of supervised release based on his exemplary conduct while on supervised release. (ECF No. 73.) Defendant takes full accountability for his past failure to adhere to the location monitoring requirements of his supervised release and has not violated any condition of his present supervisory term. (*Id.* at 4–5.) Defendant is over seven years sober, attends weekly Narcotics Anonymous meetings, and has consistently passed all drug tests. (*Id.*) Defendant has also maintained steady employment by owning and operating his own business where he removes, fertilizes, and maintains his clients' trees. (*Id.*) Defendant has completed the statutorily required year of supervision and paid all monetary penalties. (*Id.* at 4.) Defendant represents that his supervising probation officer and the Government do not oppose this request. (*Id.* at 2.) Based on the Government's non-opposition, the support of his probation officer, and Defendant's demonstrated rehabilitation and exemplary conduct while on supervised release, the Court finds Defendant has met his burden to show that early termination of supervised release is warranted pursuant to 18 U.S.C. § 3583(e). *Emmett*, 749 F.3d at 819.

Accordingly, Defendant's Motion for Early Termination of Supervised Release is hereby GRANTED. (ECF No. 73.)

IT IS SO ORDERED.

Date: October 28, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE